NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                      :

LEE CARALL WATERS,          :
                                        :

               Plaintiff,     :     Civil No. 06-4598 (RBK)
       v.                   :     **OPINION**
                                        :

ATLANTIC COUNTY JUSTICE    :
FACILITY MEDICAL DEPARTMENT, :
                                        :

             Defendant.    :
_____  :

     This matter comes before the Court on the motion of Defendant Atlantic County Justice

Facility Medical Department (Defendant) to dismiss Plaintiff Lee Carall Water's Complaint

under Federal Rule of Civil Procedure 41(b). Because Plaintiff has failed to prosecute this

action, Defendant's motion is granted.

## I. BACKGROUND

     Plaintiff filed a Complaint in this Court on September 27, 2006, while he was

incarcerated at the Atlantic County Justice Facility (ACJF). He alleged that prior to his arrival at

the ACJF, he had been prescribed hormone treatment and was taking Permerin 6.25 female

hormones. He further alleged that medical officials at the ACJF continued the hormone

treatment for one week and then abruptly stopped giving him this medication. He asked the

Court to grant him relief by directing the ACJF to continue the hormone treatment until his

release or transfer to prison.

     The Complaint survived sua sponte dismissal, and Plaintiff was given permission to

proceed in forma pauperis on January 4, 2007.  Defendant was properly served with process and filed an answer on February 27, 2007.

Defendant attempted to provide Plaintiff with the answer and with interrogatories at the ACJF; however, this mail was returned undelivered, and prison staff indicated that Plaintiff had been released or was at least "not here," according to the handwritten note on the returned envelope.  On May 2, 2007, the Clerk of the Court forwarded the undelivered documents to Plaintiff at another address and advised Plaintiff of his responsibility to update the Court regarding any address change.  This mail was not returned.  On May 3, 2007, Defendant filed this motion for dismissal.

## II. ANALYSIS

A defendant may move for dismissal of an action for the plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b).  The decision to dismiss is in the trial court's discretion.  Before dismissing a case, courts in the Third Circuit normally examine the factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).  However, the Court is not bound to conduct a detailed analysis of the Poulis factors here, because Plaintiff has apparently willfully abandoned his claims.  See Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994); Sebrell ex rel. Sebrell v. Philadelphia Police Dept., 159 F. App'x. 371, 373-74 (3d Cir. 2005) ("[W]hen a litigant's conduct makes adjudication of the case impossible, such balancing under Poulis is unnecessary.") (citing Guyer v. Beard, 907 F.2d 1424, 1429-30 (3d Cir. 1990)).

In any event, all factors weigh in favor of dismissal.  Under Poulis, the Court must evaluate:  (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to respond; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the

meritoriousness of the claim or defense.  Poulis, 747 F.2d at 868.

Because Plaintiff proceeds pro se, he bears full responsibility for any delay.  Divito v.

C.M.S. Dept., No. 05-438, 2006 WL 756014 (D.N.J. Mar. 17, 2006).  Defendant has been

prejudiced and unable to seek discovery or otherwise defend in this action, as counsel for

Defendant indicated in her letter of March 5, 2007 to Magistrate Judge Donio (concerning the

need for Plaintiff's authorization to obtain medical records concerning the treatment at the center

of this case).  Plaintiff has not contacted the Court regarding his current address or status since

January 2007.  Because Plaintiff was proceeding in forma pauperis, monetary sanctions are

inappropriate.  See Emerson v. Thiel College, 396 F.3d 184, 191 (3rd Cir. 2002) ("no effective

alternative sanctions to dismissal" where plaintiff proceeded in forma pauperis and assessment of

attorneys' fees not a serious consideration).  Finally, though Plaintiff's case did proceed past sua

sponte dismissal under 28 U.S.C. 1915A, the Court cannot view the claim as meritorious enough

to outweigh the other factors, particularly where Plaintiff has shown no interest in participating in

further factual development or discovery.  The Court sees no alternative to dismissal under Fed.

R. Civ. P. 41(b).  This dismissal will serve as an adjudication on the merits.  See Landon v. Hunt,

977 F.2d 829, 833 (3d Cir. 1992).

## III.  CONCLUSION

The Court grants Defendant's motion, and Plaintiff's complaint will be dismissed with

prejudice.

Dated:    10/16/2007                                      /s/ Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge